**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIZARRGA J. F.,<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | No. 1:26-cv-02967 JLT FJS (HC)<br>A-Number: 067-497-251<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 18) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 18, 2026, the magistrate judge issued findings and recommendations that Respondents' motion to dismiss be granted and the petition for writ of habeas corpus be denied. (Doc. 18.) On October 5, 2026, Petitioner filed objections to the findings and recommendations. (Doc. 19.) No other objections have been filed, and the deadline to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Among other things, Petitioner objects that the findings and recommendations place "substantial weight" in the *Mathews* balancing test on the fact that Petitioner requested seven continuances between July 2025 and March 2026. (Doc. 19 at 5.) He contends it is inappropriate to treat his

pursuit of available immigration remedies as equivalent to . . . intentionally prolonging his detention." (*Id.*) The Court does not interpret the findings and recommendations as giving any weight (negative or positive) to Petitioner's pursuit of available immigration remedies; rather, the findings and recommendations properly gave some weight to the number of continuances Petitioner requested. Though the delay was considered as one factor, it was not given "substantial" weight. Here, a far more notable fact in the balance is that Petitioner had a bond hearing before an immigration judge in January 2026, at which he was able to present evidence and argument. With that foremost in mind, the Court agrees with the magistrate judge that the Petition should be denied. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 18, 2026 (Doc. 18) are **ADOPTED IN FULL**.
2. The motion to dismiss (Doc. 9) is **GRANTED**.
3. The petition for writ of habeas corpus is **DENIED**.
4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: November 10, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE